UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

STAN RAY,                          )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    No. 1:10CV158 HEA
                                   )
CARUTHERSVILLE SCHOOL              )
DISTRICT NO. 18, et al.,           )
                                   )
        Defendants.                )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant United Health Care Insurance Company's ("UHC") Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 31].

Plaintiff, a former employee of Caruthersville School District No. 18, brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, or in the alternative, under the Public Health Services Act ("PHSA"), 42 U.S.C. §§ 300bb-1, *et seq*.  Specifically, plaintiff asserts that defendants violated his rights under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1166(a), *et seq.*, by failing to give him proper notice and the opportunity to elect continuation health care coverage after termination from his employment.  Defendant UHC was the insurance carrier for Caruthersville School District at the time of plaintiff's termination.

Plaintiff alleges three causes of action against defendant UHC. Counts VII and VIII of the first amended complaint assert an alleged breach of fiduciary duty by UHC. Count IX is titled "equitable estoppel," however, plaintiff has clarified in his briefing materials that he is really seeking to bring an action against UHC under the Missouri state law doctrine of promissory estoppel.

UHC moves for dismissal of plaintiff's claims on several grounds. UHC first argues that plaintiff's claims brought pursuant to ERISA are subject to dismissal because ERISA regulates private employee benefit plans, whereas the PHSA applies to governmental employee benefit plans such as the one of which plaintiff was a beneficiary during his employment at Caruthersville School District. UHC additionally argues that it cannot be held liable for a breach of fiduciary duty under the PHSA because the PHSA applies only to employers and plan administrators. UHC argues that it was neither plaintiff's employer nor the plan administrator. Lastly, UHC argues that plaintiff's "equitable estoppel" claim is an affirmative defense and cannot be pleaded as a cause of action. Thus UHC asserts that plaintiff fails to state a claim against it as a matter of law.

In defense of his claims against UHC, plaintiff argues that there remain issues of fact as to whether ERISA or the PHSA applies to this action, which would require the Court to delve into matters outside the pleadings. Plaintiff also suggests

that defendant UHC could be considered a "de facto" plan administrator based on the actions of an alleged agent of UHC.  Plaintiff additionally claims that the facts will show that plaintiff detrimentally relied on a promise made by defendant's agents relating to plaintiff's health care coverage.  Review of these facts would also require digging into matters outside the record.

The Court finds that because the motion to dismiss and response brief rely on factual matters outside the pleadings, they are better analyzed under the summary judgment standard.  As this matter has been more fully briefed in defendant UHC's motion for summary judgment, currently pending before this Court [ECF No. 66], the Court will deny UHC's motion to dismiss, without prejudice, and utilize the summary judgment standard to better discern UHC's arguments for judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant UHC's Motion to Dismiss [ECF No. 31] is **DENIED** without prejudice.

Dated this 29th day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE